# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JANETRA JOHNSON, | ) | 1:09cv0281 LJO DLB |
| | ) | |
| | ) | ORDER REQUIRING PLAINTIFF |
| | ) | TO FILE COMPLETE COMPLAINT |
| Plaintiff, | ) | OR NOTIFY COURT OF INTENTION TO |
| | ) | PROCEED ON ORIGINAL COMPLAINT |
| v. | ) | |
| | ) | ORDER DISREGARDING AMENDED |
| DEPARTMENT OF THE ARMY | ) | COMPLAINT |
| AND AIR FORCE, et al., | ) | (Document 10) |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Janetra Johnson ("Plaintiff") is proceeding pro se and in forma pauperis in this action. She filed her employment discrimination complaint on February 13, 2009. On February 25, 2009, Plaintiff filed a document entitled "Amended Complaint."

Pursuant to 28 U.S.C. § 1915(e)(2), the Court must conduct an initial review of the complaint for sufficiency to state a claim. However, prior to doing so, the Court must have a complete complaint before it. Plaintiff's February 25, 2009, amended complaint is an attempt to add an additional defendant and does not include any of the allegations, or name the defendants, in the original complaint. An amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading." Local Rule 15-220. The Court therefore has before it two separate portions of Plaintiff's complaint and cannot properly screen her allegations.

1    Accordingly, Plaintiff will be granted thirty (30) days from the date of service of this
2 order within which **to FILE a complete amended complaint OR NOTIFY the Court of her**
3 **intention to move forward only on the causes of action and defendants contained in her**
4 **original complaint**, filed on February 13, 2009.[1]  Plaintiff is reminded that an amended
5 complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th
6 Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself
7 without reference to the prior or superceded pleading."  Local Rule 15-220.  Plaintiff is warned
8 that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended
9 complaint are waived."  King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d
10 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.
11    Plaintiff's incomplete amended complaint, filed on February 25, 2008, is
12 DISREGARDED.
13    Failure to follow this Court order will result in a recommendation that the action be
14 dismissed.

16    IT IS SO ORDERED.
17    Dated:   **March 5, 2009**              /s/ **Dennis L. Beck**
                                          UNITED STATES MAGISTRATE JUDGE

---

[1] When Plaintiff files a complete complaint, the Court will assess whether this case should be related to Plaintiff's other action, 09cv346 AWI GSA.