# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JANETRA JOHNSON, | ) | 1:09cv0281 LJO DLB |
| | ) | |
| | ) | ORDER REQUIRING PLAINTIFF |
| | ) | TO FILE COMPLETE COMPLAINT |
| Plaintiff, | ) | OR NOTIFY COURT OF INTENTION TO |
| | ) | PROCEED ON ORIGINAL COMPLAINT |
| v. | ) | |
| | ) | ORDER DISREGARDING AMENDED |
| DEPARTMENT OF THE ARMY | ) | COMPLAINT |
| AND AIR FORCE, et al., | ) | (Document 14) |
| | ) | |
| Defendants. | ) | |

Plaintiff Janetra Johnson ("Plaintiff") is proceeding pro se and in forma pauperis in this action. She filed her employment discrimination complaint on February 13, 2009. On February 25, 2009, Plaintiff filed a document entitled "Amended Complaint." On March 5, 2009, the Court explained that her amended complaint was incomplete and could not be screened. She was ordered to file a complete complaint or notify the Court of her intention to proceed on the allegations in her original complaint, within thirty (30) days.

On April 8, 2009, she filed a very similar document entitled "Amended Complaint." Again, Plaintiff makes references to her "initial complaint" and attempts to "add" defendants and requests for relief. For the same reasons that the Court set forth in its March 5, 2009, order, Plaintiff's Amended Complaint is not sufficient.

Because of her pro se status, Plaintiff will be given **one final opportunity** to either submit a complete amended complaint or notify the Court of her intention to proceed on her original complaint. The Court will not piece together Plaintiff's filings and attempt to guess her

1

intentions. A complete amended complaint is one that contains all defendants and all claims, and does not require reference to another document.

Plaintiff is again reminded that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading." Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Accordingly, Plaintiff will be granted thirty (30) days from the date of service of this order within which **to FILE a complete amended complaint OR NOTIFY the Court of her intention to move forward only on the causes of action and defendants contained in her original complaint**, filed on February 13, 2009.[1] **This will be Plaintiff's final opportunity to comply with this order. If Plaintiff fails to comply, the Court will recommend that this action be dismissed.**

Plaintiff's incomplete amended complaint, filed on April 9, 2009, is DISREGARDED.

IT IS SO ORDERED.

Dated: **April 22, 2009**                    **/s/ Dennis L. Beck**
                                              UNITED STATES MAGISTRATE JUDGE

---

[1] When Plaintiff files a complete complaint, the Court will assess whether this case should be related to Plaintiff's other action, 09cv346 AWI GSA.

2