IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANETRA A. JOHNSON,<br><br>  Plaintiff,<br><br>  vs.<br><br>SECRETARY OF THE AIR FORCE,<br>et al.,<br><br>  Defendants.<br>_____ / | 1:09cv0281 LJO DLB<br><br>ORDER DENYING PLAINTIFF'S REQUEST TO COMBINE ALLEGATIONS<br>(Document 18)<br><br>ORDER GRANTING PLAINTIFF LEAVE TO AMEND |

   Plaintiff Janetra A. Johnson ("Plaintiff") is a proceeding pro se and in forma pauperis in this civil rights action filed on February 13, 2009. Pursuant to Court order, she filed an amended complaint on May 20, 2009.

   On June 8, 2009, the Court ordered Plaintiff's other action, 1:09cv346 AWI GSA, be closed and combined with the instant action because the operative complaints in each action were identical.

   On June 12, 2009, Plaintiff filed a document in which she requests that the Court combine the allegations in both complaints. She states that although the actions have the same operative pleading, she believes that they are "different because of their employment status," i.e., one deals with events occurring while she was a civilian employee and the other with events occurring while she was a military employee. While her employment status affects her causes of action, it does not require filing of two separate complaints.

1   Plaintiff's request is DENIED.  Now that the Court has consolidated her actions, all
2 allegations must be pled in the instant action.
3   However, Plaintiff may amend her complaint to include the all pertinent allegations.  In this
4 regard, the Court advises Plaintiff that as a member of the California Air National Guard, she is a
5 employee of the Department of the Air Force and is therefore an employee of the United States.  32
6 U.S.C. § 709(e).  As a federal employee, her sole remedy for employment discrimination claims is
7 Title VII.  However, Plaintiff may not allege Title VII claims that "challenge personnel actions
8 integrally related to the military's unique structure."  Mier v. Owens, 57 F.3d 747, 748 (9th
9 Cir.1995).  Decisions relating to the "promotion [or] suspension" of civilian employees of the
10 National Guard, including technicians, are "integrally related to the military's unique structure."  See
11 Mier, 57 F.3d at 751.
12   Plaintiff is also advised that pursuant to Feres v. United States, 340 U.S. 135 (1950),
13 members of the armed forces may not bring an action against the Government or armed service
14 personnel for injuries "whenever a legal action 'would require a civilian court to examine decisions
15 regarding management, discipline, supervision, and control of members of the armed forces of the
16 United States.'"  Hodge v. Dalton, 107 F.3d 705, 710 (9th Cir. 1997) (internal citations omitted).  In
17 Feres, the Supreme Court held that medical malpractice claims against military doctors could not
18 proceed because the injuries arose "out of or . . . in the course of activity incident to service."  Feres,
19 340 U.S. at 146.  This principle is known as the doctrine of intramilitary immunity and "has been
20 broadly construed to immunize the United States and members of the military from any suit which
21 may 'intrude in military affairs,' 'second-guess[ ] military decisions,' or 'impair[ ] military
22 discipline.'"  Zaputil v. Cowgill, 335 F.3d 885, 887 (9th Cir. 2003) (citing Jackson v. Brigle, 17 F.3d
23 280, 282 (9th Cir.1994).
24   Plaintiff's amended complaint SHALL be filed within thirty (30) days of the date of service
25 of this order.  If Plaintiff does not file an amended complaint, the Court will proceed on the basis of
26 her amended complaint filed on May 20, 2009.
27   Plaintiff is reminded that an amended complaint supercedes the original complaint, Forsyth v.
28 Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir.

1987), and must be "complete in itself without reference to the prior or superceded pleading." Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

IT IS SO ORDERED.

Dated:   **June 26, 2009**                    /s/ **Dennis L. Beck**
                                                    UNITED STATES MAGISTRATE JUDGE