1

2

3

4

5

6              **IN THE UNITED STATES DISTRICT COURT**

7            **FOR THE EASTERN DISTRICT OF CALIFORNIA**

8

9    JANETRA A JOHNSON,                      CASE NO. CV F 09-0281 LJO DLB

10                                           **ORDER ON DEFENDANTS' MOTION TO**
                      Plaintiff,             **DISMISS** (Doc. 37)
11        vs.

12   UNITED STATES AIR FORCE,
     et. al,
13
                      Defendants.
14   _____/

15          On March 12, 2010, the defendants in this action moved for an order dismissing the complaint

16   pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6).  Plaintiff Janetra A. Johnson ("Plaintiff") is proceeding

17   pro se and in forma pauperis in this civil rights and employment action.  Plaintiff filed an opposition on

18   April 12, 2010.[1]  Defendants filed a reply on April 23, 2010.  Pursuant to Local Rule 230(g), this matter

19   was submitted on the pleadings without oral argument and the hearing was vacated.  Having considered

20   the moving, opposition and reply papers, as well as the Court's file, the Court issues the following order.

21                                    **BACKGROUND**

22          This action arises out of plaintiff's employment with the National Guard and the United States

23   Air Force Reserve.  Plaintiff alleges various employment discrimination claims, tort claims and other

24   constitutional or statutory claims arising from her employment.

25          Plaintiff's Third Amended Complaint ("TAC") alleges that she was a member of the National

26   Guard of the United States, the Air National Guard of California and the Air Force Reserve.  (Doc. 20,

27   _____

28          [1] The opposition was untimely under Local Rule 230, but the Court elected to consider plaintiff's arguments.  The
     Court granted defendants an extension of time for defendants to respond to the opposition.

                                                1

TAC p. 3:2-5.) Plaintiff was a National Guard Military Technician - a hybrid military and civilian position. (Doc. 39, Plaintiff's opposition p.6:137.) Beginning in 2003, plaintiff was in the Logistics Readiness Squadron, as a GS-9, Logistics Manager. (Doc. 20, TAC p.3:7-10.) In 2005, plaintiff applied for a GS-11 Budget Analyst position, but was not selected on a "discriminatory basis" because she is black. (Doc. 20, TAC p.12:20-25, p.13: 3-6.)

Plaintiff learned she was pregnant in March 2007 and began having health issues. She alleges she was overworked and her pleas for assistance were unanswered. (Doc. 20, TAC p.18:3-17.) In June/July 2006, plaintiff took time off due to a pregnancy. (Doc. 20, TAC p.14-16.) She says as a result of her pregnancy she suffered employment discrimination and harassment. (Doc. 20, TAC p.17.) She also alleges that when she informed her supervisor of the medical need to take time off, the supervisor pried into her private medical records. (Doc. 20, TAC p. 19:3-16.)

On July 9, 2006, plaintiff alleges that she met with a military flight doctor which resulted in misdiagnosis, malpractice and neglect. She returned to work on July 10, 2006 and was under "surveillance." (Doc. 20, TAC p. 21.) She took maternity leave on October 24, 2006 and returned to work on January 1, 2007. (Doc. 20, TAC p. 21:23-26.) Upon her return, she tried for the GS11 Logistics Management position but did not get the position. (Doc. 20, TAC p.21-22.) She resigned at the end of 2007 and in February 2008 started working in a temporary position in the services offices for the Mission Support Group. (Doc. 20, TAC p. 23-24.) She applied for a GS-07 Management and Program Assistant in the same office. She did not receive this job and on May 2, 2008, she filed a complaint with the "Technician and Military EO offices." (Doc. 20, TAC p. 24:21-22.) She alleges that due process was violated in connection with the processing of this complaint. (Doc. 20, TAC p.32-33.) She also faults the Equal Employment Opportunity Commission regarding review of "agency resources and procedures." (Doc. 20, TAC p. 38.) On or about May 9, 2008, her temporary employment was terminated. (Id. at 24:23-24.)

Plaintiff alleges that following claims:

1.    Adverse Actions and Unpaid Wages
2.    Tort of civil conspiracy
3.    Breach of confidence
4.    Discrimination - Psychiatric
5.    Discrimination - Race

2

| | | |
|---|---|---|
| 6. | Discrimination - Sex | |
| 7. | Discrimination - Retaliation/reprisal | |
| 8. | Distress - negligent and intentional infliction of emotional and physical distress | |
| 9. | Due process violations | |
| 10. | Harassment, intimidation and fear | |
| 11. | Medical misdiagnosis and malpractice | |
| 12. | Misrepresentation - tort of appropriation | |
| 13. | Neglect of affirmative employment plan | |
| 14. | Negligent hiring, supervision, training and retention | |
| 15. | Slander and defamation | |
| 16. | Violation of Privacy Act and HIPAA laws and directives | |
| 17. | Wrongful termination | |
| 18. | Noncompliance with personnel programs; grievance, merit, health, leave, privacy, Title VI and VII | |
| 19. | Other violations. | |

Each of the named defendants are military personnel, of various rank, who during the course of the alleged harm to plaintiff acted within "the course and scope" of their employment.

**ANALYSIS AND DISCUSSION**

**A.     Rule 12(b)(1) - Motion to Dismiss for Lack of Jurisdiction**

A party may challenge the court's jurisdiction over the subject matter of the complaint under Fed.R.Civ.P. 12(b)(1). A complaint will be dismissed if, looking at the complaint as a whole, it appears to lack jurisdiction either "facially" or "factually." *Thornhill Publishing Co. v. General Tel. & Elec. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979)

Defendants contend plaintiff's complaint should be dismissed under F.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction. Fundamentally, federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377, 114 S.Ct. 341 (1994). The presumption is that federal courts are "without jurisdiction unless the contrary affirmatively appears." *Fifty Associates v. Prudential Ins. Co. of America*, 446 F.2d 1187, 1190 (9th Cir. 1970). Limits on federal jurisdiction must neither be disregarded nor evaded. *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 374, 98 S.Ct. 2396 (1978).

A plaintiff bears the burden of establishing that subject matter jurisdiction is proper. *Kokkonen*, 511 U.S. at 377, 98 S.Ct. 2396. This burden, at the pleading stage, must be met by pleading sufficient allegations to show a proper basis for the court to assert subject matter jurisdiction over an action. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189, 56 S.Ct. 780 (1936); F.R.Civ.P. 8(a)(1). When a defendant challenges jurisdiction "facially," all material allegations in the complaint

3

1    are assumed true, and the question for the court is whether the lack of federal jurisdiction appears from

2    the face of the pleading.  *Thornhill Publishing Co.,* 594 F.2d at 733; *Cervantez v. Sullivan*, 719 F.Supp.

3    899, 903 (E.D. Cal. 1989), *rev'd on other grounds*, 963 F.2d 229 (9th Cir. 1992).

4    **B.      Rule 12(b)(6) - Motion to Dismiss for Failure to State a Claim**

5            A motion to dismiss pursuant to Fed R. Civ. P. 12(b)(6) is a challenge to the sufficiency of the

6    pleadings set forth in the complaint.  A Fed. R. Civ. P. 12(b)(6) dismissal is proper where there is either

7    a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal

8    theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).  In considering a motion

9    to dismiss for failure to state a claim, the court generally accepts as true the allegations of the complaint

10   in question, construes the pleading in the light most favorable to the party opposing the motion, and

11   resolves all doubts in the pleader's favor.  *Lazy Y. Ranch LTD v. Behrens,* 546 F.3d 580, 588 (9th Cir.

12   2008); *Jenkins v. McKeithen*, 395 U.S. 411, 421, *reh'g denied*, 396 U.S. 869 (1969).

13           To survive a motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief

14   that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007).

15   A claim has facial plausibility,"when the plaintiff pleads factual content that allows the court to draw

16   the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, – U.S.

17   –, 129 S.Ct. 1937 (2009).  "[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual

18   content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling

19   the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

20           A court is "free to ignore legal conclusions, unsupported conclusions, unwarranted inferences

21   and sweeping legal conclusions cast in the form of factual allegations." *Farm Credit Services v.*

22   *American State Bank*, 339 F.3d 765, 767 (8th Cir. 2003) (citation omitted).  "While a complaint attacked

23   by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation

24   to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a

25   formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. 554,127 S. Ct.

26   1955, 1964-65 (internal citations omitted).  Moreover, a court "will dismiss any claim that, even when

27   construed in the light most favorable to plaintiff, fails to plead sufficiently all required elements of a

28   cause of action."  *Student Loan Marketing Ass'n v. Hanes*, 181 F.R.D. 629, 634 (S.D. Cal. 1998).  In

practice, "a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562, 127 S.Ct. at 1969. If a plaintiff fails to state a claim, a court need not permit an attempt to amend a complaint if "it determines that the pleading could not possibly be cured by allegation of other facts." *Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990).

**C.     All of Plaintiff's Common Law Tort Claims are Barred by the *Feres* Doctrine**

Plaintiff alleges numerous common law tort claims. Defendants argue that all of plaintiff's tort claims arise in the course of her service in the National Guard. All of plaintiff's alleged torts, including her claim for medical malpractice, arose in the context of her service in the National Guard. Therefore, defendants argue all of her claims are barred by the *Feres* doctrine.[2]

**1.     *Feres v. United States* Overview**

In *Feres*, the Supreme Court carved out a significant exception to the Federal Tort Claims Act.[3] Under the principles established in *Feres v. United States*, a person may not sue the government for injuries incident to service in the military. *See Feres v. United States*, 340 U.S. 135, 146, 71 S.Ct. 153, (1950) ("[T]he Government is not liable under the Federal Tort Claims Act for injuries to servicemen where the injuries arise out of or are in the course of activity incident to service."). Courts applying the *Feres* doctrine have given it a broad reach, barring recovery by members of the armed services for injuries that may not appear to be closely related to their military service or status. *Jackson v. U.S.*, 110 F.3d 1484, 1486-87 (9th Cir. 1997) ("practically any suit that implicates the military judgments and decisions runs the risk of colliding with *Feres*").

Whether the *Feres* doctrine bars an FTCA claim is a question of law. *Jackson v. United States*, 110 F.3d 1484, 1486 (9th Cir.1997). Suits that implicates military judgments and decisions runs the risk

---

[2] Defendants also argue that plaintiff failed to exhaust her administrative remedies for the various tort claims. Defendant present declarations from personnel who are responsible for managing tort claims and who attest plaintiff did not file any such claim. The Court does not reach this argument because the motion can be resolved without considering testimony.

[3] "The FTCA is the exclusive remedy for tortious conduct by the United States." *Federal Deposit Ins. Corp. v. Craft*, 157 F.3d 697, 716 (9th Cir. 1998) (emphasis added). The FTCA is a broad waiver of the federal government's sovereign immunity: "The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances...." 28 U.S.C. § 2674; see also 28 U.S.C. §§ 1346(b)(1), 2679.

of colliding with *Feres* doctrine of intramilitary immunity. *Bowen v. Oistead*, 125 F.3d 800 (9th Cir. 1997). In *Bowen,* plaintiff's status as member of National Guard triggered application of the *Feres* doctrine of intramilitary immunity to bar his tort and constitutional claims against federal and state military officials, arising from involuntary termination of plaintiff's tour of duty in Active Guard/Reserve (AGR) program. His claims were barred under *Feres* even though he was serving as member of Alaska Air National Guard under direct authority of state officers, and he was not on active duty with United States Air Force Reserve. Indeed, members of the National Guard and the Reserves are service members for purpose of the *Feres* doctrine barring members of the armed services from bringing tort suits against the government for injuries that arise out of activity incident to their military service. *Jackson*, 110 F.3d at 1486.

### 2.    Common Law Tort Actions are Barred by *Feres*

Plaintiff's common law tort claims are barred by the *Feres* doctrine. *Stauber v. Cline*, 837 F.2d 395, 396 (9th Cir.), *cert. denied*, 488 U.S. 817, 109 S.Ct. 55, 102 L.Ed.2d 33 (1988). In *Stauber*, plaintiff and defendants were civilian mechanics employed by Alaska Army National Guard. Plaintiff sued three fellow employees of a similar status for intentional infliction of emotional distress and libel. *Stauber*, 837 F.2d at 396. Plaintiff alleged that over a five-year period, the three defendants had harassed him both on- and off-base, during regular work-duty hours and after hours, and made statements to third parties that harmed his reputation. The Court held that the *Feres* applied because the parties were subject to the direct command of active-duty military officers, the parties' conduct was subject to military discipline and the parties shared the same direct military relationships whether on civilian or military status.

Here, plaintiff alleges claims of conspiracy, defamation, slander, wrongful termination, breach of confidence, intentional infliction of emotional distress, negligent supervision, and misrepresentation. Each of these claims arise from her military employment and as the direct result of conduct of her military supervisors. She challenges direct military authority and conduct. Accordingly, all of plaintiff's

6

1  common law claims are barred by the *Feres* doctrine.[4]

2  **3.    Medical malpractice claims are barred by the *Feres* doctrine**

3  Medical malpractice claims also are barred by the *Feres* doctrine. *Jackson v. U.S.*, 110 F.3d 1484

4  (9th Cir. 1997).  In *Jackson*, an inactive reservist brought a medical malpractice action after he had cut

5  his hand during inactive-duty training and was examined and treated at a Navy hospital.  The doctors

6  did not tell him that he had to have surgery within 7-10 days of the injury to avoid permanent nerve

7  damage.  *Id.* at 1486.  The Court held that under *Feres*, a service member cannot recover for medical

8  malpractice arising out of care given in a military hospital.

9  Here, plaintiff also alleges medical malpractice.  Plaintiff alleges that Fresno Air National Guard

10  failed to provide her the necessary care for her health, pregnancy, and stress.  (Doc. 20, TAC p.27.)  She

11  alleges that the medical clinic was negligent in its program and services and did more harm than good.

12  (Doc. 20, TAC p.27.)  Plaintiff's claim arises from the care she was given at the military medical clinic.

13  Accordingly, her claim is barred by *Feres*.

14  **4.    No Title VII Claims for Military Personnel**

15  The *Feres* doctrine usually arises in connection with the FTCA, but its applicability is not limited

16  to that context.  *Hodge v. Dalton*, 107 F.3d 705 (9th Cir. 1997), *cert. denied*, 522 U.S. 815, 118 S.Ct. 62,

17  (*Feres* applied to Title VII action brought by member of Marine Corps).  Specifically, uniformed

18  members of the military cannot bring a Title VII cause of action.  *Gonzalez v. Department of Army*, 718

19  F.2d 926, 928 (9th Cir. 1983) (neither Title VII nor its standards are applicable to persons who enlist or

20

21  [4]    The *Feres* doctrine does not bar every tort claim a member of the military might bring against the United States.  In considering whether the *Feres* doctrine applies, the courts examine the totality of the circumstances and consider several factors: the place where the negligent act occurred, the duty status of the plaintiff at the time, the benefits accruing

22  to the plaintiff from his military status, and the nature of the plaintiff's activities at the time of the negligent act. *McConnell v. United States*, 478 F.3d 1092, 1095 (9th Cir.2007).  Whether a service member's injury is "incident to service" and

23  therefore, barred under the Feres doctrine, the Ninth Circuit employs a case-by-case approach, addressing four factors:(1) the place where the negligent act occurred, (2) the duty status of the plaintiff when the negligent act occurred, (3) the benefits

24  accruing to the plaintiff because of the plaintiff's status as a service member, and (4) the nature of the plaintiff's activities at the time the negligent act occurred.  *McConnell v. U.S.,* 478 F.3d at 1095.  For instance, a military member is injured or killed

25  while enjoying recreational or medical benefits  without any connection between those benefits and person's miliary status may not be barred by *Feres*.  *Dreier v. United States*, 106 F.3d 844 (9th Cir.1996) (a soldier who fell into a steep wastewater

26  drainage channel after an off-duty afternoon of relaxation and beer drinking).  *Feres* doctrine will not bar a suit when the serviceperson's injuries have no relationship to military duties. *Green v. Hall*, 8 F.3d 695 (9th Cir.1993), *cert. denied*, 513

27  U.S. 809, 115 S.Ct. 58 (1994).  In the instant case, however, each of plaintiff's tort claims arise from some act related to her on-the-military-job activities.  She challenges conduct directly arising from her military service.  Accordingly, *Feres* bars

28  these tort claims.

apply for enlistment in any of the armed forces of the United States.); *compare Yamaguchi v. U.S. Dept. of the Air Force*, 109 F.3d 1475, 1484 (9th Cir. 1997) (underline civilian employees of the Army, Navy or Air Force have the same right to pursue Title VII actions as other federal employees.) Title VII applies to Guard technicians except when they challenge personnel actions integrally related to the military's unique structure. *Mier v. Owens*, 57 F.3d 747, 748 (9th Cir. 1995). The *Feres* doctrine is applicable "whenever a legal action 'would require a civilian court to examine decisions regarding management, discipline, supervision, and control of members of the armed forces of the United States.'" *Zaputil v. Cowgill*, 335 F.3d 885, 887 (9th Cir. 2003).

Here, plaintiff challenges numerous military management and supervisory decisions made by different military personnel, allegedly due to her race, her pregnancy and her other disabilities. She alleges she was "non-selected" to certain positions within the California Air National Guard, based upon fitness criteria and other selection criteria. (See e.g, TAC p.21-22 (not selected because she wanted to become an officer.)) She claims she was "non-selected" to the Budget Analysis position in 2007 and they hired someone with accounting experience and who was a member of the fighter squadron. She alleges that the military role was a job requirement. She claims non-selection to the Management and Program Assistant in the Services Office. She complains that the position involved a dual status military technician position affecting both civilian employment and military grade/rank. Plaintiff challenges each of the decisions made by her military supervisors.

This Court is without jurisdiction to review her Title VII claims. Each claim involves a review of decisions by military supervisors and that supervisor's decision regarding management and control of members of the armed forces. Accordingly, the Title VII claims are barred by *Feres*.

### 5.     Sex/Pregnancy Discrimination Claim

Plaintiff alleges discrimination claims related to her gender and pregnancy. Plaintiff alleges that she took time off work for pregnancy related problems, she returned and was "passed up for a promotion within her office, her permanent employment and expert status removed, and she was prohibited from seeking employment outside the office and was harassed and subjected to excessive physical fitness test." (Doc. 20, TAC p . 17-18.)

Here, plaintiff challenges personnel action related to the military structure. She challenges

8

1    conduct related to receiving a promotion.  She challenges conduct related to her employment status.  She

2    challenges other aspects of her employment relationship.  These claims are related to the decision

3    regarding the military structure and decision making process.  As such, they are barred by *Feres.*

4    **D.       Violation of Privacy Act and HIPAA Laws and Directives**

5        Plaintiff challenges the disclosure of certain medical information under the Health Insurance

6    Portability and Accountability Act of 1996 ("HIPAA").  HIPAA, however, does not provide any private

7    right of action.  *U.S. v. Streich*, 560 F.3d 926 (9th Cir. 2009); *Webb v. Smart Document Solutions, LLC*,

8    499 F.3d 1078, 1081 (9th Cir.2007) ("HIPAA itself provides no right of action.").  Accordingly,

9    plaintiff's HIPAA claim is barred.

10       Plaintiff alleges that the "Privacy Act" has been violated.  Defendants argue that this is the

11    Privacy Act of 1974.  Defendants argue that the Privacy Act claims are both time barred and that she

12    failed to exhaust.

13       The Privacy Act of 1974, 5 U.S.C. § 552a et seq. prohibits federal agencies from disclosing "any

14    record which is contained in a system of records by any means of communication to any person, or to

15    another agency" without the consent of "the individual to whom the record pertains," unless the

16    disclosure falls within one or more enumerated exceptions to the Act. Id. § 552a(b). The Act also creates

17    a private cause of action against an agency for its wilful or intentional violation of the Act that has "an

18    adverse effect on an individual." Id. § § 552a(g)(1)(D).

19       Defendants argue that plaintiff failed to allege exhaustion of administrative remedies.

20    Defendants argue that plaintiff alleges defendant Stine entered false information regarding her military

21    fitness test but she does not allege that she exhausted her administrative remedies.

22       Exhaustion of administrative remedies is not a precondition to bringing an action for damages

23    under the Privacy Act. See *Hewitt v. Grabicki,* 794 F.2d 1373, 1379 (9th Cir. 1986) comparing §

24    552a(g)(1)(A) (action for order to amend record permitted when agency review resulted in denial of

25    request or agency refused to review) with § 552a(g)(1)(C) (permits action where agency's failure to

26    maintain proper records results in adverse determination against individual).

27       The statute of limitations for a Privacy Act claim, 5 U.S.C. § 552a(g)(5), commences at the time

28    that a person knows or has reason to know that the request has been denied. *Englerius v. Veterans*

9

1    *Admin.*, 837 F.2d 895, 897 (9th Cir. 1988).  The Privacy Act has a two year statute of limitations.  5
2    U.S.C. §552a(g)(5).

3       Plaintiff claims that medical records were disclosed on June 26, 2006, and medical examination
4    in July 2006.  (Doc. 20, TAC p.18-19, p. 20:23.)  Plaintiff alleges that the medical information was
5    disclosed in June 2006.  (Doc. 20, TAC p. 25.)  Plaintiff alleges that "she took her concerns to
6    management and Stines [sic] child was removed from the childcare program and Johnson [sic] children
7    was place [sic] in the program." (Doc. No. 20 at 26:18-21)  Plaintiff's claim that Stine entered false
8    information into the computer system regarding her performance on the military fitness test to tamper
9    with her chances of being promoted is not cognizable as she makes no claim that she exhausted her
10    administrative remedies.  Because she did not file this lawsuit until February 13, 2009, no claim can be
11    stated for this alleged of the Privacy Act.

12    **E.**      **Violation of the Family Medical Leave Act**

13       Plaintiff alleges that she was denied medical leave under the Family Medical Leave Act.  (Doc.
14    20, TAC p. 37.)

15       FMLA grants private and federal employees an entitlement to periods of leave for certain
16    enumerated circumstances. See, e.g., 29 U.S.C. § 2612(a)(1); 5 U.S.C. § 6382(a)(1). Title II of the
17    FMLA, 5 U.S.C. § 6381 et seq., governs leave for federal civil service employees with more than twelve
18    months of service; Title I, 29 U.S.C. § 2601 et seq., governs leave for private employees and federal
19    employees not covered by Title II.  *See Russell v. U.S. Dept. of the Army*, 191 F.3d 1016 (9th Cir. 1999).
20    Title II does not provide a private right of action to remedy a federal employer's action violating FMLA
21    rights.  *See Russell,* 191 F.3d at 1019 (the absence of an express waiver of the government's sovereign
22    immunity in Title II of the FMLA bars private suits for violations of its provisions.); accord *Cavicchi*
23    *v. Secretary of Treasury*, 2004 WL 4917357 (11th Cir. 2004).

24       Plaintiff was a federal employee at the time of the alleged denial of her FMLA rights.  As a
25    federal employee, she may not pursue a claim pursuant to the FMLA.  Accordingly, the FMLA claims
26    will be dismissed.

27    **F.**      **Rehabilitation Act**

28       Defendant argues that plaintiff's Rehabilitation Act claims are barred by the one year statute of

1    limitations.

2           Under Section 504 of the Rehabilitation Act, a Federal agency is required to make reasonable

3    accommodation to the known physical or mental limitations of a qualified handicapped employee, unless

4    the agency can demonstrate that the accommodation would pose an undue hardship on its operations.

5    29 C.F.R. § 1613.704(a); see 29 U.S.C. § 794.  The Act requires that federal agencies "reasonably

6    accommodate an employee's disability." *McLean v. Runyon*, 222 F.3d 1150, 1153 (9th Cir.2000). A

7    one-year statute of limitations applies to the Rehabilitation Act Section 504 claim.  *Douglas v.*

8    *California Dept. of Youth Authority,* 271 F.3d 812, 823 (9th Cir. 2001).

9           No failure is alleged which occurred within one year of filing the complaint.  Plaintiff filed her

10   complaint on February 13, 2009.  Plaintiff does not allege any failure to accommodate any alleged

11   disability that occurred after February 13, 2008.  The Rehabilitation Act claim is barred by the statute

12   of limitations for events that occurred more than one year prior, on February 12, 2008, to the filing of

13   the complaint.

14   **G.      Title VI and Due Process**

15          Plaintiff alleges violation of Title VI for discrimination in her employment and that this

16   discrimination violated her Due Process.  (Doc. 20, TAC p. 10:6; 34:18.)

17          Section 601 of Title VI of the Civil Rights Act of 1964 mandates, "No person in the United

18   States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied

19   the benefits of, or be subjected to discrimination under any program or activity receiving Federal

20   financial assistance." 42 U.S.C. § 2000d. Section 601 bans recipients of federal funding from

21   intentionally discriminating against individuals "on the ground of race, color, or national origin" in

22   connection with any program or activity covered by Title VI.  *Lonberg v. City of Riverside*, 571 F.3d

23   846, 850 (9th Cir. 2009).  Under Title VI, Congress abrogated state immunity from damages under Title

24   VI. See 42 U.S.C. § 2000d-7(a); *Alexander v. Sandoval*, 532 U.S. 275, 280, 121 S.Ct. 1511, 149 L.Ed.2d

25   517 (2001).  Thus, Title VI does not apply to federal agencies implementing federal programs. *Maloney*

26   *v. Social Security Admin.*, 517 F.3d 70 (2nd Cir. 2008).  Thus, plaintiff does not have a claims under Title

27   VI.

28   /////

                                                   11

**H**.     **Dismissal of Claims against Individual Defendants**

Plaintiff has alleged claims against numerous individual defendants, all of whom are alleged to be military officers "acting within the course and scope of [his/her] employment."[5]

Federal employees are not personally liable for torts committed while acting within the scope of their employment. In actions on tort claims against named federal officers or employees, if the Attorney General certifies they were acting in their "official capacity" at the time in question, the United States must be substituted as the sole defendant. 28 U.S.C. § 2679(d)(1).

Here, the United States does not provide the certification.  It seeks, however, to dismiss the individuals on the grounds that the allegations merely allege wrongful conduct by the individuals "in the course and scope" of their employment.  Thus, the proper party is the United States, assuming a claim could be alleged.

The Court agrees.  The U.S. Government is, of course, the real party in interest as to claims regarding U.S. properties or interests.  *See United States v. Weyerhaeuser Co.*, 765 F.Supp. 643, 646 (D OR 1991).  Federal employees are not personally liable for torts committed while acting within the scope of their employment. The real party in interest is the United States Government and the exclusive remedy is an action against the Government under the Federal Tort Claims Act. 28 U.S.C. § 2679(b)(1); *Billings v. United States*, 57 F3d 797, 799 (9th Cir. 1995).  Accordingly, the individual defendants will be dismissed.

**I.     The Mindes Test**

Plaintiff argues that her claims are judicable, notwithstanding the *Feres* doctrine, because of the four part test stated in *Mindes v. Seaman.*

In *Mindes v. Seaman*, 453 F.2d 197 (5th Cir. 1971), the Fifth Circuit adopted a standard for determining whether a court should review internal military affairs.  Under the *Mindes* test, as modified by the Ninth Circuit, a person challenging a military decision generally first must satisfy two threshold elements before a court can determine whether review of his claims is appropriate:

[5] Plaintiff alleges claims against the following individuals: Secretary of the Air Force Michael B. Donley, Maj. Gen William H Wade; Col. Johnathan Flaugher; Col. David Bandini; Lt. Col. John Cotter; Lt. Col mark Groves; Maj. Jahromi Shahzad, Jam. Raymond Greer; Lt Michael Yamamoto; CMS Michael L. Hunt; CMS Johnny Leal; SMS Michelle Fields; MSG James Patton; and MSG Shirley Stine.  (Doc. 20, TAC p. 3-7.)

1    (a) a violation of [a recognized constitutional right] a federal statute, or military

2    regulations, and (b) exhaustion of available intraservice remedies.

3    *Wenger v. Monroe*, 282 F.3d 1068 (9th Cir. 2002).  If the plaintiff alleges both of these threshold

4    requirements, a court then weighs four factors to determine whether judicial review of the claims is

5    appropriate. These factors include:

6    (1) The nature and strength of the plaintiff's claim.

7    (2) The potential injury to the plaintiff if review is refused.

8    (3) The extent of interference with military functions.

9    (4) The extent to which military discretion or expertise is involved.

10    *Wilkins v. U.S.*, 279 F.3d 782, 788 (9th Cir. 2002).

11    Arguably, plaintiff has alleged a violation of constitutional right, or a federal statute applicable

12    to the military or a military regulation. Plaintiff arguably alleges exhaustion of available intraservice

13    remedies, one of the threshold requirements.  She alleges she submitted a complaint to the Joint Forces

14    Headquarters, California Air National Guard that she pursued her claims through any intraservice

15    process or other administrative process. (Doc. 20, TAC p.33-35.) For purposes of this motion, the Court

16    considers the threshold requirements met.

17    In the present case, the Court finds that the four factors in the second phase of the test, on

18    balance, do not favor a finding that plaintiff's employment claims are reviewable by this Court.  The last

19    two factors dispositively weigh against review.  Plaintiff's claims concerning her treatment within the

20    military structure, lack of promotion and supervision and failure to transfer are a personnel matters, and

21    the facts alleged do not show that her interest in judicial review of these personnel decisions is stronger

22    than the National Guard's interest in making decisions based on military standards and needs. The third

23    factor, the extent of interference with military functions, and the fourth factor, the extent to which

24    military discretion or expertise is involved, are generally considered together.  Military discretion and

25    expertise are plainly involved in the personnel decision at issue.  It is not the judiciary's role in our

26    system of government to enter the sphere of the military and determine what constitutes adequate

27    training. *Wenger*, 282 F.3d at 1075. "Courts have declined to review a variety of employment actions

28    involving military personnel because, in the military, 'overriding demands of discipline and duty'

13

prevail, demands which do not have a counterpart in civilian life." *Mier*, 57 F.3d at 749.   The Ninth Circuit has stated that "change in duty assignments are subject to the non-review ability rule." *Covington v. Anderson*, 487 F.2d 660, 665 (9th Cir.1973). The Ninth Circuit adopted this rule because "[a]ny attempt of the federal courts, absent some direction or permission from Congress to do so, to take over review of military duty assignments, commands and promotions would obviously be fraught with practical difficulties for both the armed forces and the courts." *Id.* (quoting *Arnheiter v. Ignatius*, 292 F.Supp. 911, 921 (N.D.Cal.1968)).   The Court would be required to scrutinize numerous personnel decisions by many individuals as they relate to plaintiff's employment which would involve the very sensitive area of military expertise and discretion.   Accordingly, plaintiff's statutory and constitutional claims regarding her employment are dismissed as nonreviewable.

**J.      Leave to Amend**

Typically, leave to amend is freely given under the Rule 15.   Pursuant to Fed. R. Civ. P. 15, this Court "should freely give leave when just so requires."   Here, plaintiff has had two prior opportunities to amend the complaint to address the same challenged allegations.   Accordingly, the motion to dismiss will be granted without leave to amend.

### CONCLUSION

For the foregoing reasons, the motion to dismiss is GRANTED with prejudice.   The clerk of this Court is directed to CLOSE this action.


IT IS SO ORDERED.

**Dated:      April 30, 2010**                                      **/s/ Lawrence J. O'Neill**
                                                                UNITED STATES DISTRICT JUDGE

14